# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:17-cv-357-FDW

SAMUEL HUDSON,        )
                )
      **Plaintiff,**   )
                )
vs.             )
                )
FNU HOLLAWAY,      )   <u>ORDER</u>
Nurse, Anson County Jail,    )
                )
      **Defendant.**  )
_____ )

   **THIS MATTER** is before the Court on a periodic status review.

   Pro se Plaintiff Samuel Hudson, a North Carolina state inmate currently incarcerated at Columbus Correctional Institution, filed this action June 27, 2017, pursuant to 42 U.S.C. § 1983. On September 29, 2017, the Court found that the action survived initial review as to Defendant Hollaway, a former nurse at the Anson County Detention Center. (Doc. No. 7). The U.S. Marshal thereafter attempted to effectuate service by certified mail on Defendant at the Anson County Detention Center. On December 27, 2017, the summons was returned as unexecuted. (Doc. No. 10).

   Generally, a plaintiff is responsible for effectuating service on each named Defendant within the time frame set forth in Fed. R. Civ. P. 4(m), and failure to do so renders the action subject to dismissal. However, if an incarcerated plaintiff proceeding in forma pauperis provides the Marshals Service sufficient information to identify the defendant, the Marshals Service's failure to complete service will constitute good cause under Rule 4(m) if the defendant could have been located with reasonable effort. See Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995).

Before a case may be dismissed based on failure to effectuate service, the Court must first ensure that the U.S. Marshal has used reasonable efforts to locate and obtain service on the named defendants. See Greene v. Holloway, No. 99-7380, 2000 WL 296314, at *1 (4th Cir. Mar. 22, 2000) (where the district court dismissed a defendant in a Section 1983 action based on the prisoner's failure to provide an address for service on a defendant who no longer worked at the sheriff's office, remanding so the district court could "evaluate whether the marshals could have served [Defendant] with reasonable effort").

Because it appears to the Court that Defendant is no longer employed at the Anson County Detention Center, this Court will instruct the U.S. Marshal to use reasonable efforts to locate and obtain personal service on Defendant at Defendant's home address in accordance with Rule 4 of the Federal Rules of Civil Procedure. If the U.S. Marshal obtains the home address for Defendant, the address may be redacted from the summons forms for security purposes following service on Defendant.

**IT IS THEREFORE ORDERED that:**

(1)     The U.S. Marshal shall use all reasonable efforts to locate and obtain personal service on Defendant at Defendant's home address. If the U.S. Marshal is unable to obtain personal service on Defendant, the U.S. Marshal shall inform the Court of the reasonable attempts to obtain service.

(2)     The Clerk is respectfully instructed to mail a copy of this Order to the U.S. Marshal.

Signed: February 16, 2018

Frank D. Whitney
Chief United States District Judge