UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-357-FDW

| | | |
|---|---|---|
| SAMUEL HUDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| FNU HOLLAWAY, | ) | ORDER |
| Nurse, Anson County Jail, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** comes before the Court on a Motion to Dismiss by Defendant FNU Hollaway, (Doc. No. 16).

### I. BACKGROUND

Pro se Plaintiff Samuel Hudson, a North Carolina prisoner incarcerated at Columbus Correctional Institution in Brunswick, North Carolina, filed this action on June 27, 2017, pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his medical needs while he was a pre-trial detainee at the Anson County Detention Center. On September 29, 2017, following a frivolity review, this Court entered an Order allowing Plaintiff to proceed with his deliberate indifference claim. (Doc. No. 7). The sole remaining Defendant, Nurse Hollaway, filed the pending motion to dismiss on March 20, 2018, contending that Plaintiff failed to exhaust his administrative remedies and that he also fails to state a claim for deliberate indifference to serious medical needs. (Doc. No. 16). On March 21, 2018, this Court entered an order in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the requirements for filing a response to the motion to dismiss. (Doc. No. 17). Plaintiff filed his

-1-

response to the motion to dismiss on April 12, 2018, in which he states only that he does "not wish for Defendants to have a dismissal in this matter." (Doc. No. 18).

II. **DISCUSSION**

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his administrative remedies before filing a section 1983 action. 42 U.S.C. § 1997e(a). The PLRA provides, in pertinent part: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life. The Court ruled that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citation omitted). The Porter Court stressed that under the PLRA, exhaustion must take place before the commencement of the civil action in order to further the efficient administration of justice. Id.

In Woodford v. Ngo, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement requires "proper" exhaustion: "Administrative law . . . requir[es] proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" Id. at 90 (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). In Jones v. Bock, 549 U.S. 199 (2007), the Supreme Court stated: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Id. at 211 (citing Porter, 534 U.S. at 524).

The North Carolina Department of Public Safety ("NCDPS") has established, in its

Administrative Remedies Procedures ("ARP"), a three-step procedure governing submission and review of inmate grievances. Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008). In his Complaint, Plaintiff acknowledges that he has not sought relief from the appropriate administrative officials regarding his grievance. (Doc. No. 1, § F(6)). Likewise, in his Verified Statement, Plaintiff states that he has not exhausted his administrative remedies.[1] See (Doc. No. 4). Thus, taking Plaintiff's statements in his own Complaint and pleadings as true, he acknowledges that he has not exhausted his administrative remedies before initiating this lawsuit. Accordingly, this action must be dismissed for failure to exhaust his administrative remedies.

The Court finds that, alternatively, even if Plaintiff had exhausted his administrative remedies, this action would be subject to dismissal for failure to state a claim for relief. In support of his claim against Defendant Hallaway for deliberate indifference, Plaintiff alleges that he experienced tooth pain while at the Anson County Detention Center. (Doc. No. 1, § C). He alleges that Nurse Hollaway informed him that he would need to have someone send him money for a dental visit. (Id.). Plaintiff alleges further that Nurse Hollaway gave him medication for the pain and informed Plaintiff that he could only stay on the medication for one week.

Plaintiff fails to allege sufficient facts to support the subjective component of an Eighth Amendment claim because he makes no allegation that Nurse Hollaway knew of and disregarded an excessive risk to inmate health or safety. Plaintiff does not allege that Nurse Hollaway was

---

[1] Plaintiff states only in the Administrative Remedies Statement that he put a grievance on a kiosk inbox "on the wall at the jail," but that the prison would not give him a copy of his grievance when he asked for it. See (Doc. No. 4 at 2). He does not allege any facts whatsoever, however, in his response to the motion to dismiss to show that the grievance procedure was unavailable to him at the jail, nor does he present any argument opposing Defendant's motion to dismiss based on failure to exhaust administrative remedies.

aware of any medical issue other than his oral pain, and Plaintiff does not allege that Nurse Hollaway failed to treat his dental pain. Rather, Plaintiff expressly acknowledges that Nurse Hollaway provided Plaintiff with medication for his pain. (Id.). Plaintiff has not alleged that Nurse Hollaway believed that Plaintiff required any treatment and refused to provide it. Accordingly, Plaintiff's own allegations demonstrate that his medical needs were not disregarded, but, rather, he was not provided with pain medication to treat the pain about which he was complaining.

### III. CONCLUSION

Because Plaintiff failed to exhaust his administrative remedies, Plaintiff's claim against Defendant Hollaway for deliberate indifference to serious medical needs must be dismissed. The dismissal will be without prejudice. In any event, Plaintiff fails to state a claim for deliberate indifference to serious medical needs against Defendant. Thus, even if Plaintiff had exhausted his administrative remedies, this action would be subject to dismissal on the merits.

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff's action is **DISMISSED** without prejudice for failure to exhaust administrative remedies.

(2) Defendant's Motion to Dismiss, (Doc. No. 16), is **GRANTED**.

(3) The Clerk of Court is directed to close this case.

Signed: June 21, 2018

Frank D. Whitney
Chief United States District Judge